IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00685-RBJ-MEH

DAVID HELMER,
FELICIA MUFTIC,
MICHAEL MUFTIC,
CRAIG KANIA, and
OLIVER MARTIN, on behalf of themselves and all others similarly situated,

       Plaintiffs,

v.

THE GOODYEAR TIRE & RUBBER CO., an Ohio corporation,

       Defendant.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

**Michael E. Hegarty, United States Magistrate Judge.**

In its Motion to Disqualify Plaintiffs' Counsel Perkins Coie, LLP [filed May 29, 2012; docket #24], Defendant The Goodyear Tire & Rubber Co. ("Goodyear") moves to disqualify the law firm of Perkins Coie, LLP ("Perkins Coie") from continued representation of Plaintiffs in this lawsuit. The motion has been referred to me for recommendation. I held a hearing on this matter on July 31, 2012. Because I believe that Goodyear has established the necessary elements for disqualification under *United States v. Stiger*, 413 F.3d 1185 (10th Cir. 2005), I respectfully RECOMMEND that Goodyear's motion be **granted**.[1]

---

[1]Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72(b). The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo

## BACKGROUND

The parties filed extensive briefs and exhibits concerning the present motion, which include a myriad of facts and occurrences spanning several decades, but the essential and material facts relevant to disqualification are as follows.

Goodyear moves to disqualify Perkins Coie on the ground that the firm previously represented Goodyear in a substantially related matter. Beginning in 2003, Perkins Coie represented Goodyear in two product liability actions involving a product known as Entran II: *Glanville v. Goodyear Tire & Rubber Co.*, No. A03-018CV (D. Alaska, filed Jan. 22, 2003); and *Huber v. Goodyear Tire & Rubber Co.*, No. 03-2-25184-4SEA (Wash. Super., filed May 9, 2010). *See* dockets ##24-1, 24-2. Entran II is a Goodyear-produced rubber hose product "for use in hydronic radiant heating and snowmelt systems manufactured by Chiles Power Supply Company ('Heatway systems')." *AE, Inc. v. Goodyear Tire & Rubber Co.*, 576 F.3d 1050, 1053 (10th Cir. 2009). "These systems use Entran II to circulate warm fluid under indoor flooring as an alternative to conventional heating systems, or under driveways and sidewalks to melt snow and ice." *Malek v. Goodyear Tire and Rubber Co.*, 160 F. App'x 702, 703 (10th Cir. Dec. 20, 2005). The hose was alleged to become unstable, brittle, and crumble, resulting in significant replacement cost. Thus was born a new series of products liability cases, beginning approximately in the early to mid-1990s. "In 1995, Heatway switched to Entran III hose, which Goodyear continued to supply." *Goodyear Tire & Rubber Co.*

---

determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).

*v. Chiles Power Supply, Inc.*, 7 F. Supp.2d 954, 957 (N.D. Ohio 1998).

The Entran II litigation substantially ended in late 2004 with the final approval of a nationwide class settlement.  Docket #35-2, 3.  David Black of the Denver-based law firm of Holland & Hart had represented the plaintiffs in Entran II litigation, including several cases that went to trial and in the nationwide class action.  While the Entran II litigation was wrapping up (including the pendency of several appellate cases and the ongoing process for plaintiffs to file claims regarding Entran II, a process that continued until November 2009), and while Perkins Coie was still representing Goodyear and Mr. Black was still counsel of record for the Entran II plaintiffs, Mr. Black and his partner Craig Allely left Holland & Hart and joined Perkins Coie, on March 31, 2009.  *See* docket #35-1, 2, 7.  Concerning this change, Perkins Coie issued a general announcement to the public but did not directly contact Goodyear nor seek its consent or waiver.  Docket #24, 5.  Although no longer actively working on the Entran II litigation, Mr. Black did not take all necessary steps to withdraw from the then-pending lawsuits, and at least on record, during the period 2005-09, he continued to be counsel for the products liability plaintiffs suing Goodyear.  *See, e.g.*, *A.E., Inc.*, 576 F.3d at 1052 (listing Mr. Black as counsel for plaintiffs in an August 11, 2009 opinion).

Nearly nine months after Mr. Black arrived, in November 2009, Perkins Coie issued an "Ethical Wall Memorandum" stating that Mr. Black, Mr. Allely, and their secretary, Karon Bean, would not participate in, nor have access to, any matters or material involving the ongoing Goodyear representation.  Docket #35-9.  In fact, Perkins Coie continued to represent Goodyear in the Entran II litigation until March 2010.[2]  There is no evidence that Mr. Black or Mr. Allely did substantive

---

[2]Although not directly related to the matter at hand, I should note that Goodyear sued Perkins Coie in Illinois state court on May 5, 2010, for legal malpractice in an unrelated matter, and the association between Goodyear and Perkins Coie was clearly severed by that time.

legal work for the Entran II plaintiffs while at Perkins Coie and significant evidence they did not.

The current lawsuit in which David Black and Craig Allely of Perkins Coie are representing Plaintiffs against Goodyear involves a product known as "Entran 3." Entran 3, like Entran II, is an orange-colored rubber hose used in the same systems that provide below-ground heating, distributed by the same company, Chiles Power Supply (Heatway). According to the Plaintiffs, it suffers from the same problems as Entran II, namely becoming brittle over time, cracking, breaking, and ultimately requiring replacement at substantial cost to the homeowner. *See* docket #1, 2. However, Plaintiffs assert that Entran 3 is technologically distinct from Entran II in that Entran 3 utilizes a different polymer with higher resistance to oxygen permeation. Plaintiffs cite to numerous statements and assertions by Goodyear confirming these differences.[3]

Sometime in Spring 2010, the co-lead counsel in the Entran II litigation, Charles LaDuca, contacted Mr. Black and asked him to participate on behalf of Plaintiffs in the Entran 3 litigation. Docket #35-16, 3. Although Mr. Black initially declined the invitation because of an apparent conflict with Goodyear, Mr. Black contacted Mr. LaDuca in September 2010 to inform him that he could now work on the Entran 3 litigation. *Id.* Mr. LaDuca alleges that on October 6, 2010, he informed Goodyear's in-house counsel that Mr. Black would be assisting in products liability litigation against Goodyear. *Id.* No later than March-April 2011, with Mr. Black's name appearing on an expert report given by plaintiffs' counsel to Goodyear and with Mr. Black attending meetings

---

[3]Goodyear proffered statements concerning the differences between the Entran hoses in a hearing on motions in limine before Judge Babcock in the Entran II litigation. *See* docket #35-5. In that case, the plaintiffs' experts attempted to opine on the appropriate maintenance protocols for Entran II by referring to Goodyear's practices with respect to Entran 3. *Id.* Goodyear argued that the technological differences between Entran II and Entran 3 rendered this comparison invalid, and asked Judge Babcock to exclude testimony to that effect. *Id.*

between plaintiffs' counsel and Goodyear, Goodyear knew of Mr. Black's association with Perkins Coie and his involvement with the then-developing Entran 3 litigation. *Id*. On April 15, 2011, Goodyear sent a letter to the Managing Partner of Perkins Coie objecting to the firm's involvement in any litigation against Goodyear concerning Entran 3 based on Mr. Black's association with the firm and the firm's former representation of Goodyear. Docket #24-6. Plaintiffs filed their class action complaint on March 19, 2012, and Goodyear filed the present motion on May 29, 2012.

## LEGAL STANDARD

Pursuant to D.C. Colo. LCivR 83.4, the Court applies the Colorado Rules of Professional Conduct. Goodyear brings this motion pursuant to Rule 1.9 of the Colorado Rules of Professional Conduct, which prohibits a "lawyer who has formerly represented a client in a matter [from] thereafter represent[ing] another person in the same or substantially related matter in which that person's interest are materially adverse to the interests of the former client unless the former client gives informed consent, confirmed in writing."  Though the Tenth Circuit recognizes that federal district courts usually adopt the Rules of Professional Conduct of the states in which they are situated, it has consistently found that "motions to disqualify counsel in federal proceedings are substantive motions affecting the rights of the parties, [and thus] are decided by applying standards developed under federal law." *Stiger*, 413 F.3d at 1195-96 (quoting *Cole v. Ruidoso Mun. Sch.*, 43 F.3d 1373, 1383 (10th Cir. 1994)).  Despite Plaintiffs' reliance on the "current standard" for disqualification articulated by the Colorado Supreme Court in *People v. Frisco*, 119 P.3d 1093, 1096 (Colo. 2005), I must rely on precedent developed by the Tenth Circuit.

Here, as in *Stiger*, Rule 1.9 of the Colorado Rules of Professional Conduct substantially tracks Rule 1.9 of the ABA Model Rules of Professional Conduct.

> Under Rule 1.9, a party seeking to disqualify opposing counsel must establish that "(1) an actual attorney-client relationship existed between the moving party and the opposing counsel; (2) the present litigation involves a matter that is 'substantially related' to the subject of the movant's prior representation; and (3) the interests of the opposing counsel's present client are materially adverse to the movant." . . . . If the movant establishes the first two prongs, an irrebuttable "presumption arises that a client has indeed revealed facts to the attorney that require his disqualification." *Smith v. Whatcott,* 757 F.2d 1098, 1100 (10th Cir. 1985).

*Stiger*, 413 F.3d at 1196 (10th Cir. 2005).  The moving party bears the burden of establishing grounds for the disqualification. *World Youth Day, Inc. v. Famous Artists Merch. Exch., Inc.*, 866 F. Supp. 1297, 1299 (D. Colo. 1994).

## DISCUSSION

### I.   Disqualification

Plaintiffs concede that Perkins Coie had an attorney-client relationship with Goodyear and that Plaintiffs' interests in this lawsuit are materially adverse to Goodyear's.  "Materially adverse" may be an understatement, given that Perkins Coie is suing Goodyear directly.  With prongs one and three of the *Stiger* test satisfied, I now turn to the second prong, the substantial relationship test, to decide whether Goodyear has proved a substantial relationship between the subject matter of the former and present representations.

Initial review of the two matters demonstrates that both concern products liability (defective design)[4] allegations against Goodyear involving a hose, orange in color and made of rubber, designed to carry heated fluid for use in radiant heating or snowmelt systems, sold and distributed by the same company.  The alleged nature of the failure of both hoses is the same - the material degrades and falls apart, requiring replacement at great cost by the homeowner.  Plaintiffs argue that

---

[4]Entran II was originally designed by a company called Dayco, which is not a material fact to my analysis.

the similarities stop there, and the chemical composition of Entran II and 3 is completely different. Even accepting that as true, the substantial relationship question is, in my opinion, not even close. Goodyear hired Perkins Coie to provide a legal defense against allegations of a negligently designed rubber hose that has a very specific purpose; the firm is now suing Goodyear, alleging the company negligently designed a rubber hose that has the same very specific purpose. In both cases, plaintiffs allege that the Entran hoses become brittle over time, crack, break, and require costly replacement. While the technical differences Goodyear identified in a hearing before Judge Babcock were relevant for evidentiary purposes, the question before the Court is an ethical one. In determining whether the present litigation involves a matter that is 'substantially related' to the subject of Perkins Coie's prior representation of Goodyear, I am not persuaded that variances in the chemical composition of the hoses outweigh the overarching similarity of the lawsuits and the ethical concerns arising therefrom.

An example provided by Comment [3] to Rule 1.9 reflects this broader view of similarity. Comment [3] to Rule 1.9 notes that an attorney who represented Company A in securing environmental permits to build a shopping center cannot later represent neighbors who oppose rezoning of the property on the basis of environmental considerations. The present case is even more stark because, at least in the hypothetical setting, the attorney is not *actually litigating* against the former client. Plaintiffs do cite cases from other jurisdictions involving the issue of substantial relationship of two different products. One case, *S.D. Warren Co. v. Duff-Norton*, 302 F. Supp.2d 762 (W.D. Mich. 2004), has language supporting Plaintiffs' position. To the extent my conclusion differs from that in *S.D. Warren Co.*, I disagree with that case. I believe the public's interest in the integrity of the judicial process, *e.g., United States v. Collins,* 920 F.2d 619, 634 (10th Cir. 1990)

weighs heavily in favor of disqualification, despite the fact that disqualification motions are not to be granted lightly.  *See id*.

Though Comment [3] is instructive on the subject of similarity, *Stiger* requires a departure from Comment [3] with respect to whether a movant must demonstrate that knowledge obtained in the prior representation will be used in the matter in question.  According to *Stiger*, when a movant proves the existence of an attorney-client relationship and demonstrates substantial similarity between the prior and present matters, the court must *presume* that the client revealed facts to the attorney that require his disqualification.  *Stiger*, 413 F.3d at 1196.  This presumption is consistent with the protections afforded to attorney-client communications and the general difficulty a former client faces in discovering whether its current adversary is taking advantage of information previously disclosed in confidence.

Given the presumption articulated in *Stiger*, I do not find that Goodyear is required to provide direct evidence of its previous disclosures to Perkins Coie.  Nevertheless, Goodyear asserts that Perkins Coie was intimately associated with Goodyear's strategy in defending products liability cases involving an Entran hose.  Goodyear further alleges that Perkins Coie has provided documents obtained from Goodyear in the Entran II litigation to experts who will testify against Goodyear regarding Entran 3.  These assertions arouse the suspicion underlying the presumption, but they are not necessary for its effect.

It is undisputed that Goodyear once enjoyed an attorney-client relationship with Perkins Coie, and that the interests of Perkins Coie's current clients are directly adverse to Goodyear.  In addition, I find that the Entran II litigation in which Perkins Coie represented Goodyear is substantially related to the present matter in which Perkins Coie now sues Goodyear regarding

Entran 3. These findings necessitate the presumption that Goodyear revealed facts to Perkins Coie that require its disqualification.[5]

## II.    Laches

Plaintiffs argue that Goodyear is barred from seeking disqualification based on the doctrine of laches. Though this issue gives me pause, I do not believe it changes my decision.

Colorado courts have not considered whether the doctrine of laches operates in the context of a motion to disqualify. While most courts recognize that delay may be a factor in determining whether to disqualify counsel, *see, e.g., Alexander v. Primerica Holdings, Inc.*, 822 F. Supp. 1099, 1115 (D.N.J. 1993) (citing various courts that have recognized waiver as a valid basis for the denial of motions to qualify), some have found that the court's duty and power to regulate the conduct of attorneys should not be defeated by the laches of a private party. *Emle Indus., Inc. V. Patenex, Inc.*, 478 F.2d 562, 574 (2d Cir. 1973) (citations omitted). Though I make no specific finding on the applicability of laches for all motions to disqualify, it does not seem to me that the common law defense of laches should override the irrebuttable presumption articulated in *Stiger*.

Even considering the equitable principles of laches, I do not find that Goodyear's motion is

---

[5] Disqualification of a law firm is governed by Rule 1.10(a), which imputes the conflict of one lawyer to his or her law firm, and requires disqualification of all members of a law firm when any one of them practicing alone would be disqualified because of a conflict of interest. A primary concern is the appearance of impropriety: "for a law firm to represent one client today, and the client's adversary tomorrow in a closely related matter, creates an unsavory appearance of conflict of interest difficult to dispel in the eyes of the public[,] the bench and bar[.]" *Analytica, Inc. v. NPD Research, Inc.*, 708 F.2d 1263, 1269 (7th Cir. 1983). The Tenth Circuit has recognized that the conflicts of a single attorney under Rule 1.9 are not necessarily imputed to a law firm that employs the attorney in the future. *See Stiger*, 413 F.3d at 1196 n. 8 (citing *SLC Ltd. v. Bradford Group West, Inc.*, 999 F.2d 464, 467-68 (10th Cir. 1993)). *SLC, Ltd.* held that a lawyer who changes firms does not automatically disqualify his or her new law firm from taking a position adverse to the attorney's former client. *SLC Ltd.* at 999 F.3d at 467-468. However, *SLC Ltd.* does not appear to contemplate the present situation wherein a law firm represents then sues the same entity.

unduly delayed.  Goodyear filed its motion two months after the case was filed and 45 days after its answer.  Though it was theoretically possible for Goodyear to initiate proceedings prior to the filing of this lawsuit, I do not find that equity requires this degree of preemption.  Moreover, this motion cannot have come as a surprise to Perkins Coie, as Goodyear raised its objections to the firm in April 2011. Assuming Perkins Coie notified Plaintiffs of the potential conflict, Plaintiffs elected to proceed with Perkins Coie at their own risk.[6]  Therefore, I do not find that the equitable doctrine of laches bars the present motion.

## CONCLUSION

Though I recognize the severity of disqualification,  I believe Goodyear has proven (1) the existence of an attorney client relationship between itself and Perkins Coie; and (2) that the subject matter of the Entran II litigation and the currently lawsuit are substantially related.  Because Goodyear has established the first and second prongs of the *Stiger* test, I find the irrebutable presumption of disqualification applies. At this stage in the litigation, I do not believe equity prohibits such a result.  Therefore, I RECOMMEND the District Court **grant** Goodyear's Motion to Disqualify Plaintiffs' Counsel Perkins Coie, LLP [filed May 29, 2012; docket #24] and disqualify Perkins Coie from further representation of Plaintiffs in this lawsuit.

Dated and entered at Denver, Colorado, this 31st day of August, 2012.

BY THE COURT:

---

[6]It is unclear whether Perkins Coie actually informed Plaintiffs of this potential conflict, but to the extent that Plaintiffs were not aware of the risk, it was not Goodyear's responsibility to inform them.

Michael E. Hegarty
United States Magistrate Judge

11