IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable R. Brooke Jackson

Civil Action No. 12-cv-00685-RBJ

DAVID HELMER, FELICIA MUFTIC, and MICHAEL MUFTIC, on behalf of themselves and all others similarly situated,

    Plaintiffs,

v.

THE GOODYEAR TIRE & RUBBER CO., an Ohio corporation,

    Defendant.

## AMENDED ORDER

This case is before the Court on the plaintiffs' motion to provide notice to potential class members. ECF No. 138. The parties have conferred on a proposed notice and notice plan, but defendant Goodyear Tire & Rubber Co. ("Goodyear") still objects to certain portions of the notice and plan. See ECF No. 146. Plaintiffs contend that Goodyear has no standing to object at this stage of the proceedings, and they also offer substantive reasons why Goodyear's objections are misplaced. The issue is fully briefed and ripe for review by this Court. For the reasons stated below, I grant plaintiff's motion [ECF No. 138], with certain modifications, and attach a copy of the notice to this order.

### I.    Standard for Class Notice

Federal Rule of Civil Procedure 23(c)(2)(B) sets out the requirements for notice to classes certified under Rule 23(b)(3). The rule states that

> the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. The notice must clearly and concisely state in plain, easily understood language:

      (i)      the nature of the action
      (ii)     the definition of the class certified;
      (iii)    the class claims, issues, or defenses;
      (iv)    that a class member may enter an appearance through an attorney if the member so desires;
      (v)     that the court will exclude from the class any member who requests exclusion;
      (vi)    the time and manner for requesting exclusion; and
      (vii)   the binding effect of a class judgment on members under Rule 23(c)(3).

Fed. R. Civ. P. 23(c)(2)(B).

## II. Goodyear's Standing to Object

As a threshold matter, plaintiffs contend that Goodyear has no standing to object to their proposed notice to the class. I am not convinced by plaintiffs' citations that Goodyear lacks standing to object to the content of the notice. None of the cases cited is a controlling authority, and it seems fair and prudent to let the defendant offer its own suggestions about how the notice meets (or fails to meet) Rule 23's requirements. Therefore, I conclude that Goodyear's objections may be considered for their persuasive value.

## III. Disputed Language

### a. Effect of Opting-Out

Goodyear wants failure to opt out to preclude all class members from bringing any future claims related to deficiencies in Entran 3, not simply any claims based on a theory of strict liability for design defect. ECF No. 146 at 2. Goodyear bases this position on the plaintiffs' earlier voluntary dismissal of all non-strict liability for design defect claims. But such a broad definition of the scope of the class would sweep in more claims than were certified for determination as a class action. The class was certified to determine liability for design defect. The voluntary dismissal occurred before certification. Therefore, plaintiffs' language more accurately describes the effect of remaining in the litigation.

### b. "Do Nothing" Box

Goodyear and plaintiffs disagree about how to describe what rights class members are giving up by remaining in the litigation. This appears to be a rehashing of the same arguments addressed above. Again, because plaintiff's language is more specifically tailored to the purposes for which the class was certified—i.e. to determine liability for design defect—the Court adopts plaintiff's proposed modification to the notice.

### c. Issue to Be Determined at Trial

Again, Goodyear objects to the plaintiff's description of the issues to be determined at trial. And again, plaintiffs' language is more accurate. The class was certified to determine strict liability for design defect. ECF No. 122 at 20. As causation is an element of that liability, general principles of causation will be addressed at trial. Of course, individual damage trials might involve more individualized inquiries into causation, but that topic need not be addressed in this notice.

### d. The "Inevitable Failure" Theory

I agree with plaintiffs that an accurate notice—one that alerts potential class members of their claims—must inform those members that they are members of the class even if their Entran 3 has not yet manifested any defect. I can also sympathize with Goodyear that using the phrase "inevitable failure" goes beyond the plaintiffs' theory into the realm of argument. Therefore I have crafted my own language in the notice attached to this Order.

### e. The Image

I do not understand Goodyear's objection to the photograph included in the proposed notice. If anything, the image will assist potential class members in identifying Entran 3 if it is

present in their homes. That Goodyear has not offered up any alternative images reinforces my conclusion here. Therefore, the photograph is retained in the final notice.

### f. Internet Banner Advertisements

Finally, Goodyear objects to the use of online banner advertisements in the notice plan. Specifically, Goodyear believes that the fact that the advertisements will be visible to an estimated 41 million viewers will give the misleading impression that Entran 3 is causing widespread damage. I disagree, and even if Goodyear's fears are well-founded I fail to see how that would affect the accuracy of the notice or the due process interests of alerting all potential class members. Potential class members will either have damage in their home that might be the result of Entran 3 or they will not. And the opinions of people who are not potential class members, provided they are not also potential jurors, are irrelevant to this litigation. Therefore the banner advertisements proposed by the notice plan will be permitted by the Court. I will note, however, that the potential exists for an advertisement targeting 41 million consumers to cause undue harm to Goodyear's image. Therefore the internet advertisement should not identify Goodyear. After all, it appears that Goodyear's name appears nowhere on the Entran 3 tubing and that potential class members need not be informed of Goodyear's connection to the product in order to determine their membership in the class.

### IV. Conclusion

Therefore plaintiff's motion [ECF No. 138] is GRANTED. The Court-approved notice and email to contractors are attached to this order. The Court finds that this notice is the best practical way of providing the notice as required by Rule 23 and the due process requirements associated with class action litigation. Class Members will have until December 5, 2014 to opt out.

Any member of the Class who wishes to be excluded from the Class must send a written request for exclusion to the Class Counsel so that it is postmarked before the close of the opt out period. Members of the Class may not exclude themselves by filing requests for exclusion as a group or class, but must individually and personally file a request for exclusion with Class Counsel.

Any member of the Class who fails properly and timely to seek exclusion from the Class shall be bound by all the terms and provisions of the Class, whether or not such person objected to the Class and whether or not such person made a claim upon, or participated in, the Class.

Any person or entity that does not elect to be excluded from the Class may, but need not, enter an appearance through his or her own attorney. Class members who do not enter an appearance through their own attorneys will be represented by Class Counsel.

All members of the Class who do not properly request exclusion from the Class are enjoined from proceeding against Goodyear for any claim of "strict liability for design defect" for which the Court certified the Class.

Moreover, plaintiff's proposed notice plan is approved as revised and is attached to this Order. Plaintiffs may immediately begin implementing the notice plan according to their proposed schedule.

DATED this day 9th of September, 2014.

BY THE COURT:

_____
R. Brooke Jackson
United States District Judge